



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT GRANDBERRY,<br><br>        Petitioner,<br>vs.<br><br>B.M. CASH, Warden,<br><br>        Respondent. | Case No. CV 11-3798-MMM (RNB)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On May 11, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein.

The Petition purports to be directed to petitioner's 1994 conviction in Los Angeles Superior Court for carjacking, for which petitioner received a 31-year sentence. The sole claim alleged in the Petition is an instructional error claim.

This is at least the twelfth habeas petition filed by petitioner in this Court directed to his 1994 conviction and/or sentence. The first four petitions were each dismissed without prejudice for failure to exhaust state remedies. The fifth petition, filed in Case No. CV 99-06270-WDK (RNB), was dismissed with prejudice on October 14, 1999, for being time barred. While petitioner purported to file a notice of appeal from the Judgment in Case No. CV 99-06270-WDK (RNB), his requests for a certificate of appealability ("COA") were denied in turn by the District Court

1

and the Ninth Circuit. Further, on June 20, 2001, the Ninth Circuit denied petitioner's application to file a second or successive petition.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> *(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.*
>
> *(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--*
>
> > *(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or*
> >
> > *(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and*
> >
> > *(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.*
>
> *(3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*
>
> . . .

> *(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.*
>
> *. . .*
>
> *(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.*

The Petition now pending constitutes a second and/or successive petition challenging the same judgment of conviction as petitioner's prior habeas petition in Case No. CV 99-06270-WDK (RNB), within the meaning of 28 U.S.C. § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)). Thus, to the extent that petitioner is now purporting to raise an instructional error claim that he previously raised in Case No. CV 99-06270-WDK (RNB), § 2244(b)(1) precludes the Court from considering it.

To the extent that petitioner is now purporting to raise an instructional error claim that he did not previously raise in Case No. CV 99-06270-WDK (RNB), it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider his new claim, prior to his filing of the instant Petition in the District Court. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003). Such permission will be granted only if "the application makes a prima facie showing that the application satisfies the requirements of [Section 2244(b)]." See id. Only after the Circuit has made the initial determination that the petitioner has made a prima facie showing under §

2244(b)(2) does the district court have any authority to consider whether the petitioner has, in fact, met the statutory requirements of § 2244(b). Under § 2244(b)(4), the petitioner must make "more than another prima facie showing" in the district court; the "district court must conduct a thorough review of all allegations and evidence presented by the prisoner to determine whether the [petition] meets the statutory requirements for the filing of a second or successive petition." See United States v. Villa-Gonzalez, 208 F.3d 1160, 1164-65 (9th Cir. 2000). While it does not appear to the Court that petitioner can make the requisite showing under § 2244(b)(2) with respect to his instructional error claim, that is a determination for the Ninth Circuit to make in the first instance. If petitioner's instructional error claim constitutes a new claim, his failure to secure an order from the Ninth Circuit authorizing the District Court to consider it, prior to his filing of the Petition in this Court, deprives the Court of subject matter jurisdiction. See Cooper, 274 F.3d at 1274.

For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 31, 2011

MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge

4